IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN L. LUCAS, JR., 1410867,   )   | | |
| Plaintiff,   )   | | |
|   )   | | |
| v.   )   | No. 3:08-CV-1053-N |
|   )   | ECF |
| SARGENT NFN MARK, ET AL.,   )   | | |
| Defendants.   )   | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.     FACTUAL BACKGROUND**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"). Plaintiff is proceeding pro se and the Court has granted him leave to proceed *in forma pauperis*. Defendants are TDCJ and TDCJ employees Sargent Mark and Lieutenant Calvin. Process has not issued pending preliminary screening.

Plaintiff alleges Defendants violated his civil rights under 42 U.S.C. § 1983. He states that on March 10, 2008, Sargent Mark removed him from the lunch line because he hit his metal tray against a rail. He states Defendant Mark told Plaintiff to talk to Lieutenant Calvin outside the lunch hall. Defendant Calvin sent Plaintiff back to his cell without lunch. Plaintiff states

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge      Page 1**

that under TDCJ regulations, he was entitled to a sack lunch if he was removed from the lunch hall. Plaintiff states that TDCJ condones "an air of hostility" by its employees and that TDCJ is protecting Defendants Mark and Calvin and covering up their wrongful actions.

## II. DISCUSSION

### 1. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

### 2. Missed Meal

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Under the Eighth Amendment, deprivation of food constitutes cruel and unusual

punishment only where a prisoner is denied the "minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Whether a deprivation of food falls within this standard depends on the amount and duration of the deprivation. *Talib*, 138 F.3d at 214 n.3.

In this case, the Court sent Plaintiff a Magistrate Judge's Questionnaire asking Plaintiff to provide all the facts regarding his claims, and also specifically asked Plaintiff to provide the number of meals he was denied. (Magistrate Judge's Questionnaire, Questions 1 and 6). Plaintiff responded that he missed one meal on March 10, 2008. (Magistrate Judge's Questionnaire, Answers 1 and 6). He also provided the facts regarding this claim. Although Plaintiff stated he missed "other meals," he provided no dates or facts regarding this claim. (*Id.* at Answer 6). He also stated that he did not exhaust any claim regarding other meals. *Id.* The Court, therefore, considers Plaintiff's claim to involve the one March 10, 2008, deprivation. The deprivation of a single meal, however, does not constitute the continuous or substantial denial of food necessary to constitute an Eighth Amendment violation. *Talib*, 138 F.3d at 214 n.3; *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (finding denial of eight meals over seven month period did not state claim under § 1983). Plaintiff has failed to establish a violation of his federal or constitutional rights.

**3.     Immunity**

Plaintiff also names TDCJ as a Defendant. As an instrumentality of the state, TDCJ is immune from money damages under the Eleventh Amendment. *Talib*, 138 F.3d at 213 (citing *Harris v. Angelina County, Texas*, 31 F.3d 331, 337-38 n.7 (5th Cir. 1994). Therefore, to the extent that Plaintiff seeks money damages against TDCJ, his claims are barred.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice as frivolous, and that all pending motions be denied.

Signed this 18th day of February, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).